Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x

**PERGAMENT & CEPEDA LLP; EDWARD PERGAMENT; AND MILAGROS CEPEDA**

Docket No.

Plaintiffs,   **COMPLAINT**

- against -

**UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as the Administrator of the SBA,**

Defendants.

---------------------------------------------------------------- x

## **COMPLAINT**

Plaintiffs, Pergament & Cepeda LLP; Edward Pergament; and Milagros Cepeda, by way of complaint against Defendant, United States Small Business Administration, allege and say:

### **JURISDICTION AND VENUE**

1. This is an action for declaratory and injunctive relief to declare that the Plaintiffs' COVID EIDL loan is not in default and enjoining the Defendants from attempting to accelerate the loan or take further steps to collect the loan on an accelerated basis.

2. This court has jurisdiction pursuant to 28 U.S.C. §1331, granting the court jurisdiction over civil actions arising out of the laws of the United States, pursuant to 28 U.S.C. §1361, 28 U.S.C. § 2201, and 5 U.S.C. §702.

3. Venue is properly laid in the District of New Jersey, pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this district. In addition, the Small Business Administration maintains a district office in this District.

## THE PARTIES

4. Plaintiff, Pergament & Cepeda LLP ("P&C") is a small but growing intellectual property law firm with an address at 25A Hanover Road, Suite 104, Florham Park, NJ 07932, and that was owned jointly by Mr. Pergament and Ms. Cepeda at the time of the origination of the subject loan.

5. Plaintiff Edward Pergament is the owner of P&C and has a business address at 25A Hanover Road, Suite 104, Florham Park, NJ 07932. Mr. Pergament and Ms. Cepeda are former spouses, and had jointly owned P&C until March 2022.

6. Plaintiff Milagros Cepeda has a business address at 25A Hanover Road, Suite 104, Florham Park, NJ 07932, and was an owner of P&C until March 2022.

7. Defendant, United States Small Business Administration ("SBA") is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633, et seq.

8. Defendant Isabella Casillas Guzman, is named in her official capacity as the Administrator of the SBA.

## FACTUAL BACKGROUND

9. On or about August 19, 2020 P&C borrowed $150,000 from the SBA pursuant to Section 7(b) of the Small Business Act and the COVID Economic Injury Disaster Loan ("EIDL") loan program.

10. P&C executed a note, loan agreement and security agreement in conjunction with the closing of the loan.

11. On or about July 30, 2021, at the request of P&C, the SBA agreed to raise the loan amount to $500,000.  In conjunction with the increased loan amount, the parties entered into an Amended Loan Authorization and Agreement, 1st Modification of Note, an Amended Security Agreement, and the Unconditional Guarantee of Mr. Pergament and Ms. Cepeda.

12. The loan funds have been used to maintain and grow P&C's business and maintain its employees, which is the purpose of the EIDL program.

13. Ms. Cepeda is a 70 year old woman with two young children at home to take care of.

14. In the months after the increase in the loan amount Ms. Cepeda became ill and was unable to continue her role as manager of P&C.  In 2021, Ms. Cepeda contracted COVID-19 twice and became seriously ill.  She subsequently had a stroke.  Later she came down with a severe upper respiratory infection, subsequently contracted a severe case of the flu and then double pneumonia.  This resulted in Ms. Cepeda being hospitalized under intensive care.

15. Ms. Cepeda's illnesses have left her permanently unable to continue her role in the effective management of the law firm.

16. Due to her condition, Ms. Cepeda entered into an agreement on March 30, 2022 to transfer her interest to Mr. Pergament and continue work as an employee of the firm on a reduced capacity, working mostly from her home.

17. At around the same time, P&C gave notice to the SBA of the change in ownership. P&C caused a written notice to be sent on March 30, 2022, prior to the actual effectiveness of the transfer of ownership.

18. Additional notice was provided on June 21, 2022. On July 5, 2022, SBA notified the Plaintiffs of a change in servicing to a different SBA office, but did not respond to the request to approve the change in ownership.

19. On November 19, 2022, P&C again inquired about the status of the approval. At that point, P&C was directed to contact the "disaster customer service unit." In response, the same inquiry was sent to the email address provided for the disaster unit.

20. On December 1, 2022, SBA responded requesting a general description of the transaction before completing paperwork.

21. Further transfers of the servicing occurred over the next few months and no formal response was received.

22. On May 26, 2023, a new SBA servicing office sent a new application package to be completed and again resent it on June 1, 2023.

23. P&C sent in the requested documentation on June 28, 2023. On July 17, 2023 and July 19, 2023 additional documentation was submitted to the SBA at the SBA's request. Similarly, after further requests, additional documentation was then submitted on July 29.

24. In addition to the written communications noted above, P&C made numerous phone calls to the SBA over the same time frame.

25. On August 9, 2023, the SBA requested a paydown of 25% of the loan to approve the transaction, which the Defendants could not afford to accomplish. Similarly, the SBA then stated that it would also not release Ms. Cepeda from her guaranty.

26. It was only on September 5, 2023 that the SBA declared that if the SBA's terms were not accepted that they would declare the loan in default**, even though payments of the loan were being made on a timely basis.**

27. Plaintiffs worked in good faith with the SBA for almost a year and a half to obtain approval of the transaction. It was not until almost 18 months had passed that the SBA took all of the submissions and used it simply to declare a default.

28. On or about September 27, 2023, the SBA sent a letter declaring the loan in default and accelerating the loan and requesting full payment of the loan within 30 days, which would result in P&C having to reduce its staff or closing its door. This would defeat the entire purpose of the EIDL program and the loan funds which was to maintain P&C's business and retain its employees.

29. At no point in time did the Plaintiffs understand that the transaction they were entering into would be classified as one that "Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent" as alleged by the SBA. The transaction resulted in Mr. Pergament remaining in control of P&C, which was the case prior to the transaction. While it reduced Ms. Cepeda's role in P&C it did not change any element of the business and had no material impact on P&C's finances.

30. Had SBA timely notified P&C of its view of the transaction and that it would not be approved, Plaintiffs would have simply refrained from placing the change into effect. Instead, the SBA dragged its feet for almost a year and a half, letting the Plaintiffs believe that the approval was just a ministerial matter and that it would be approved.

31. The Plaintiffs had good reason to assume that SBA would in fact approve the transaction. Ms. Cepeda is an Individual with Handicaps as such term is defined by 13 C.F.R. § 136.103.

32. Ms. Cepeda is entitled to relief pursuant to the Rehabilitation Act of 1973 (as amended), 29 U.S.C. § 794 and the applicable regulations governing SBA compliance with the Rehabilitation Act.

### COUNT ONE (Declaratory Judgment)

33. The allegations contained in this Complaint are incorporated herein by reference as if fully set forth herein.

34. Plaintiffs have not violated the terms of the loan documents. There was no material change in ownership or structure.

35. The parties have a dispute that requires a declaration from this Court of the relationship between the parties.

### COUNT TWO (Violation of the Rehabilitation Act and Applicable Regulations)

36. The plaintiff repeats the allegations of this Complaint as if same were set forth at length herein.

37. The SBA's refusal to consider the impact of Ms. Cepeda's disability on the application is a violation of the statutory and regulatory requirements applicable to the SBA.

38. The Plaintiffs were entitled to the approval of their application to approve the change of ownership.

39. The Plaintiffs have been damaged by the SBA's declaration of default and refusal to accommodate Ms. Cepeda's illness.

WHEREFORE, Plaintiff seeks judgment against the defendants in their favor as follows:

A. Declaratory judgment declaring that the loan is not in default;

B. Injunctive relief against the Defendants preventing collection efforts from being initiated and ordering the SBA to consider Ms. Cepeda's disability in the consideration of any applications, including release Ms. Cepeda from her guaranty;

C. Compensatory damages;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable counsel fees, costs and reimbursements of expenses, including expert fees, in amounts to be determined by the Court;

E. Awarding prejudgment interest; and

F. Granting such other and further relief as is just and proper.

THE LAW OFFICE OF AVRAM E. FRISCH  LLC

Hackensack, New Jersey
Dated: October 18, 2023

/s/ Avram E. Frisch_____
Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
*Attorney for Plaintiff*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

Pursuant to Local rule 11.2, the undersigned certifies that to the best of his knowledge, the within matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding nor is any action or arbitration contemplated nor are other parties required to be joined in this action.

Hackensack, New Jersey
Dated: October 30, 2023

/s/ Avram E. Frisch_____
AVRAM E. FRISCH, ESQ.
Attorney for Plaintiff